UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Myracle Givens, | ) | CASE NO. 5:21 CV 1929 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Summit County Children Services, *et al*., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Myracle Givens filed this action against seven Defendants: Summit County Children Services ("SCCS"); SCCS and Akron General Hospital case and social workers Scott Kemp, Tammy Sumpter, Brianna Motley, and Sarah Hoover; and Plaintiff's brother-in-law Jamey Sanders and her sister Toya Givens-Sanders. (Doc. No. 1.)

Her complaint does not set forth clear legal claims, but it pertains to the removal of children from her care. She contends her children have been wrongfully removed from her custody, including a newborn child who she alleges was released to another's care from the hospital without her knowledge. She refers in her complaint to a juvenile court "case," but does not provide specific information about that proceeding or its status. (*See id*. at 9-10.) She merely asserts that her "conviction for neglected, abused or dependent child[ren]" under Ohio Revised Code § 2157.27 "was against the manifest weight of evidence." (*Id*. at 5, ¶A.) In addition, she alleges that Defendants Kemp, Sumpter, and Motley have provided false information about her, and that her brother-in-law and sister, who she alleges has "care giver rights to her three children," have refused

to "keep any connection with [her] and [her] children." (*Id*. at 9, 11.)

Her complaint on its face does not allege any clear, specific federal claim or claims. The civil cover sheet she has submitted with her complaint indicates only that she seeks to assert a claim for libel and slander under Ohio law. (*See* Doc. No. 1-1.) For relief, she asks for $350,000.00 in punitive damages and that the Court dismiss "and put an end to the constant harassment of Childrens Services and all parties involved." (Doc. No. 1 at 14-15.)

With her complaint, Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the reasons stated below, her complaint is dismissed.

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). Additionally, federal courts are courts of limited jurisdiction and must police the boundaries of their jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3). A complaint subject to dismissal for lack of subject-matter jurisdiction when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that Plaintiff's complaint must be dismissed because it does

not alleged any plausible claim over which this Court may exercise federal subject-matter jurisdiction.

First, there is no basis for the Court to exercise diversity jurisdiction over any state-law libel or slander claim Plaintiff asserts. Federal jurisdiction over state law claims is established when a plaintiff presents a state-law claim between citizens of diverse citizenship satisfying an amount in controversy requirement. *See* 28 U.S.C. § 1332. There are no allegations in Plaintiff's pleading from which this Court may infer that the Plaintiff and the Defendants are of citizens of different states.

Second, Plaintiff's complaint on its face alleges no discernible claim arising under federal law for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331. Even to the extent Plaintiff's complaint can be liberally construed as alleging a federal civil rights claim relating to the state juvenile court "case" to which she refers in her pleading, the Court lacks subject-matter jurisdiction to hear it.

The *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over actions that in substance seek appellate review of state court judgments, even if a plaintiff claims that a state court judgment violates federal rights. *Dakota v. Brown*, No. 3:12 CV 2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012), citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Under the doctrine, federal courts lack jurisdiction to determine the validity of state court judgments, as well as federal claims "inextricably intertwined" with state court decisions. *See Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-510 (6th Cir. 2000). A party raising a challenge to a state court judgment or decision must do so through the state appellate system and then directly to

3

the United States Supreme Court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Here, any federal rights claim Plaintiff may be seeking to assert challenging a state-court judgment constitutes an impermissible collateral attack and is barred by *Rooker Feldman*. *See, e.g., Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013) ("to the extent [plaintiff] seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating . . . parental rights and [were] properly excluded from consideration by the [district] court") (internal quotation marks and citation omitted).

Further, to the extent the state case to which Plaintiff refers is still ongoing, the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971) bars federal jurisdiction. *Younger* precludes federal court intervention in ongoing judicial proceedings implicating important state interests, including child custody disputes. *See Phillips v. Lorain County Children Services*, No. 1: 19-cv-1062, 2019 WL 2192165, at *2 (N.D. Ohio May 21, 2019). This Court will not interfere with ongoing state proceedings.

## Conclusion

For the reasons stated above, Plaintiff's complaint is dismissed. The Court further certifies, pursuant 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: 3/29/2022  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE